**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4399

IVAN CHARLES TAPPIN, a/k/a Lester,
a/k/a Wayne L. Smith, a/k/a Lester
Smith,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                              No. 96-4401

ANTHONY JOHNSON, a/k/a AJ,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                              No. 96-4421

LINWOOD BERNARD AUSTIN,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-249)

Submitted: January 21, 1997

Decided: February 24, 1997

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Walter T. Johnson, Jr., Greensboro, North Carolina; William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina; Henry E. Frye, Jr., Greensboro, North Carolina; David B. Freedman, WHITE & CRUMPLER, Winston-Salem, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This is a consolidated appeal of convictions arising from a large-scale drug conspiracy in North Carolina. Ivan Tappin, Anthony Johnson, and Linwood Austin appeal their convictions and sentences for conspiracy to possess with intent to distribute crack cocaine.[1] Tappin contends that the trial court erred by denying his FED. R. CRIM. P. 29 motion for acquittal. Both Johnson and Austin claim that the court erred by attributing 1.5 kilograms of cocaine base to them, and Austin also claims that he was improperly denied a reduction in his base

_____

[1] 21 U.S.C. § 846 (1994).

2

offense level as a minor participant.**2**  We find no reversible error and affirm Tappin's, Johnson's, and Austin's convictions and sentences.

In appeal No. 96-4399, Tappin claims that the evidence presented at trial was insufficient to convict him of the crime alleged in the indictment; therefore, the district court erred by failing to grant his motion for acquittal. According to Tappin, the government did not meet its burden of proving him guilty beyond a reasonable doubt because he maintained his innocence throughout the proceedings and all of the witnesses against him had a vested interest in his conviction. Tappin's claim is without merit.

We review a denial of a motion for acquittal under a sufficiency of evidence standard.**3** To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational jury to have found the essential elements of the crime beyond a reasonable doubt.**4** All reasonable inferences from the facts established to those sought to be established may be made.**5**

In this case, the government presented testimony showing that Tappin was a major participant in the drug conspiracy, and that Tappin purchased substantial quantities of cocaine on several occasions. While Tappin argues that the government's evidence consisted exclusively of testimony by co-defendants, which was self-interested and therefore unreliable, such an argument is unavailing. Tappin had every opportunity to challenge the criminal histories, biases, and motivations of the government's witnesses during cross-examination and argument. The jury found the government's evidence believable and the jury's decision on the credibility of witnesses is not reviewable by this court.**6**

_____

**2** United States Sentencing Commission, Guidelines Manual, § 3B1.2(b) (Nov. 1995).

**3 United States v. Brooks**, 957 F.2d 1138, 1147 (4th Cir. 1992).
**4 United States v. Brewer**, 1 F.3d 1430, 1437 (4th Cir. 1993); see Glasser v. United States, 315 U.S. 60, 80 (1942).
**5 United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).

**6 United States v. Johnson**, 55 F.3d 976, 979 (4th Cir. 1995).

In appeals Nos. 96-4401 and 96-4421, Johnson and Austin contend that the district court improperly attributed to them 1.5 kilograms of crack cocaine for sentencing purposes. Testimony at trial established by a preponderance[7] that they had been involved in the importation and/or sale of at least 1.5 kilograms of crack cocaine. Consequently, we cannot say that the district court's attribution of 1.5 kilograms of crack cocaine to Johnson and Austin was clearly erroneous.[8]

Finally, Austin contends that the district court erred by not granting him a reduction in his base offense level under U.S.S.G. § 3B1.2(b) as a minor participant in the conspiracy. While Austin may not have played as large a role in the conspiracy as his co-defendants, the district court found his involvement to be "substantial." We cannot say that the district court's findings are clearly erroneous because a defendant who has sold drugs in a drug conspiracy does not have a minor role in the offense.[9]

Accordingly, we affirm Tappin's, Johnson's, and Austin's convictions and sentences in all respects. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
[7] **United States v. Powell**, 886 F.2d 81, 85 (4th Cir. 1989).
[8] **Brooks**, 957 F.2d at 1148.
[9] **Brooks**, 957 F.2d at 1149.

4